**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,  :

                         **Plaintiff,**  :

            -against-  :

GOLDEN APPLE OIL AND GAS, INC., JAY BUDD,  :
JOHN BRINER, and ETHOS INVESTMENTS, INC.,  :

                    **Defendants.**  :

-------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/11

**09 Civ.7580 (HB)**

### FINAL JUDGMENT AS TO JAY BUDD

    The Securities and Exchange Commission having filed a Complaint; Defendant

Jay Budd having entered a general appearance, consented to the Court's jurisdiction over

Defendant and the subject matter of this action, and consented to the Judgment entered on

December 21, 2009, the terms of which are incorporated herein; and Plaintiff Securities

and Exchange Commission, pursuant to the Judgment of December 21, 2009, having

moved for a judgment of disgorgement and civil penalty against Jay Budd, for good

cause shown it is hereby ORDERED, ADJUDGED AND DECREED:

    1.  Plaintiff Securities and Exchange Commission's motion for judgment of

disgorgement and civil penalty against Defendant Jay Budd is GRANTED;

    2.  Defendant Budd and Defendant Budd's agents, servants, employees, attorneys,

and all persons in active concert or participation with them who receive actual notice of

this Judgment by personal service or otherwise are permanently restrained and enjoined

from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder

1

[17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

    3.   Defendant Budd and Defendant Budd's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. Defendant Budd and Defendant Budd's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

3

5. Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Budd is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

6. Defendant Budd is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

7. Defendant Budd is liable for disgorgement of $3,523,163.54, representing profits gained as a result of the conduct alleged in the Complaint, and as supported by the additional disgorgement evidence proffered by the Commission in support of its motion, together with prejudgment interest thereon in the amount of $939,579.89, for a total of $4,462,743.43. Defendant Budd's liability for $3,401,622.54 of the total disgorgement amount shall be joint and several with Defendant Ethos Investments, Inc. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. Payment under this paragraph shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the

4

Office of Financial Management, Securities and Exchange Commission, Operations

Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia, 22312, and shall

be accompanied by a letter identifying Jay Budd as a defendant in this action; setting

forth the title and civil action number of this action and the name of this Court; and

specifying that payment is made pursuant to this Final Judgment.  Defendant Budd shall

simultaneously transmit photocopies of such payment and letter to the Commission's

counsel in this action, Jack Kaufman, Senior Trial Counsel, and to Robert J. Keyes,

Associate Regional Director, Securities and Exchange Commission, 3 World Financial

Center, Room 400, New York, New York 10281-1022.  Defendant shall pay post-

judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The

Commission shall remit the funds paid pursuant to this paragraph to the United States

Treasury.

     8.   Defendant Budd shall pay a civil penalty in the amount of $**250,000**

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)

of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant Budd shall make this payment

within 14 days after entry of Final Judgment by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange Commission.

The payment shall be delivered or mailed to the Office of Financial Management,

Securities and Exchange Commission, Operations Center, 6432 General Green Way,

Mail Stop 0-3, Alexandria, Virginia, 22312, and shall be accompanied by a letter

identifying Jay Budd as a defendant in this action, setting forth the title and civil action

number of this action and the name of this Court, and specifying that payment is made

pursuant to this Final Judgment.  Defendant Budd shall simultaneously transmit

photocopies of such payment and letter to the Commission's counsel in this action, Jack Kaufman, Senior Trial Counsel, and to Robert J. Keyes, Associate Regional Director, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, New York  10281-1022.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

9.   There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Judgment forthwith and without further notice.

10. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: _____, 201
       New York, New York

 

_____
HON. HAROLD BAER
United States District Judge

6