UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

GOLDEN APPLE OIL AND GAS, INC., JAY ETHOS,
JOHN BRINER, and ETHOS INVESTMENTS, INC.,

                Defendants.
-----------------------------------------------------------------x

09 Civ.7580 (HB)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/11

## FINAL JUDGMENT AS TO ETHOS INVESTMENTS, INC.

The Securities and Exchange Commission having filed a Complaint; Defendant Ethos Investments, Inc. ("Ethos") having failed to appear; the Clerk having issued a Certificate of Default on April 21, 2010; and Plaintiff Securities and Exchange Commission, having moved for a default judgment against Defendant Ethos, for good cause shown it is hereby ORDERED, ADJUDGED AND DECREED:

1. Plaintiff Securities and Exchange Commission's motion for default judgment Defendant Ethos is GRANTED;

2. Defendant Ethos and Defendant Ethos's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

3. Defendant Ethos is liable, jointly and severally with Defendant Jay Budd, for disgorgement of $3,401,622.54, representing profits gained as a result of the conduct alleged in the Complaint, and as supported by the additional disgorgement evidence proffered by the Commission in support of its motion, together with prejudgment interest thereon in the amount of $907,166.56, for a total of $4,308,789.10. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible

defense. Payment under this paragraph shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia, 22312, and shall be accompanied by a letter identifying Ethos as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Budd shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Jack Kaufman, Senior Trial Counsel, and to Robert J. Keyes, Associate Regional Director, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, New York 10281-1022. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

4. Defendant Ethos shall pay a civil penalty in the amount of $4,308,789.10 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Ethos shall make this payment within 14 days after entry of Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia, 22312, and shall be accompanied by a letter identifying Ethos as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that

payment is made pursuant to this Final Judgment. Defendant Ethos shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Jack Kaufman, Senior Trial Counsel, and to Robert J. Keyes, Associate Regional Director, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, New York 10281-1022. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

5. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Judgment forthwith and without further notice.

6. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: March 11, 2011
New York, New York

_____
HON. HAROLD BAER
United States District Judge

4