USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

GOLDEN APPLE OIL AND GAS, INC., JAY
BUDD, JOHN BRINER, and ETHOS
INVESTMENTS, INC.,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM
OPINION & ORDER

09 Civ. 7580 (HB)

**Hon. HAROLD BAER, JR., District Judge:**

      On August 31, 2009, the Securities and Exchange Commission (the "SEC") filed a Complaint against Jay Budd ("Budd"), among other defendants, for involvement in a fraudulent scheme to "pump and dump" millions of dollars of a profitless company. By consent judgment dated December 21, 2009, Budd agreed that he "shall pay disgorgement . . . and a civil penalty" in an amount to be determined by the Court upon motion by the SEC. On May 28, 2010, the SEC filed a Motion for Judgment of Disgorgement and Civil Penalty against Budd. On July 2, 2010, Budd filed a Cross-Motion for Waiver of Judgment of Disgorgement and Civil Penalty. The motion was considered fully briefed on July 22, 2010, seven days after the SEC submitted its opposition, to which Budd elected not to reply. On March 14, 2011, I issued final judgment against Budd. For the following reasons, the Cross-Motion for Waiver of Judgment of Disgorgement and Civil Penalty is DENIED.

## Discussion

      Budd argues that disgorgement and civil penalties should be waived because Budd is insolvent and thus unable to pay. A claim of financial hardship is not a defense to an SEC disgorgement claim. *See, e.g., SEC v. Save the World Air, Inc.*, 2005 U.S. Dist. LEXIS 28313, at *53 (S.D.N.Y. Nov. 16, 2005), *modified* 2006 U.S. Dist. LEXIS 81389 (S.D.N.Y. Nov. 8, 2006). The SEC may consent to a waiver of disgorgement and civil penalties when the individual is unable to pay. *See SEC v. Haddad*, 1992 U.S. Dist. LEXIS 22088 (S.D.N.Y. Dec. 22, 1992) (consent judgment where SEC agreed to waive disgorgement); *CFTC v. Kelly*, 1998 WL

1053710 (S.D.N.Y. Nov. 5, 1998) (same); *SEC v. Northshore Asset Mgmt., LLC*, 2008 U.S. Dist. LEXIS 35367 (S.D.N.Y. May 1, 2008) (same). Although Budd argues that he is insolvent, the SEC has not consented to a waiver of disgorgement.

> In evaluating whether a civil penalty should be assessed, courts consider:
>
> (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; (5) whether the defendant has admitted wrongdoing; and (6) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.

*SEC v. One Wall St., Inc.*, 2008 U.S. Dist. LEXIS 110351, at * 21-22 (E.D.N.Y. Sept. 4, 2008) (citation omitted). Budd alleges that he is currently insolvent and has no future income prospects, and the SEC challenges Budd's claim on several grounds, which call into question the credibility of Budd's claim. Even if Budd's allegations were credible, waiver would be inappropriate here when considering the egregiousness of Budd's conduct, scienter, and risk of substantial losses to other persons. Budd engineered the fraudulent investment scheme by, in part, incorporating an entity that issued shares based upon a knowingly fraudulent, back-dated promissory note.

Therefore, Budd's Cross-Motion for Waiver of Judgment of Disgorgement and Civil Penalty is DENIED.

**SO ORDERED.**

**New York, New York**
**March 21, 2011**

*[signature]*

**HAROLD BAER, JR.**
**United States District Judge**